IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

BILLY M. ESKRIDGE,

        Petitioner,

v.                                  CIVIL ACTION NO.   5:13-cv-22189

J. PATRICIA WILSON SMOOT,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Petitioner's *Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241* (Document 2), the Respondents' *Response* (Document 13), and the Petitioner's *Reply* (Document 26), as well as all attached exhibits.

By *Standing Order* (Document 3), entered on August 28, 2013, this action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation or disposition, pursuant to 28 U.S.C. § 636.   On June 4, 2015, the Magistrate Judge submitted a *Proposed Findings and Recommendation* (PF&R) (Document 30), wherein it is recommended that this Court deny the Petitioner's *Petition*, grant the Respondent's request for dismissal, dismiss this action with prejudice, and remove the matter from the Court's docket.   Objections to the Magistrate Judge's PF&R were due by June 22, 2015.   On June 19, 2015, the Petitioner timely filed *Petitioner's Objections to Magistrate's Finding* (Document 31).   For the reasons stated herein, the Court finds that the Petitioner's objections must be overruled, the Magistrate Judge's PF&R adopted, and this matter dismissed.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Magistrate Judge's PF&R sets forth the factual and procedural background of this case in detail. The Court hereby incorporates those factual findings, but, in order to provide context for the ruling contained herein, provides the following summary.

The Petitioner, Billy Eskridge, initiated this action with a *Petition* (Document 2) filed on August 23, 2013. He named as Respondent Is[a]ac Fulwood, Commissioner, U.S. Parole Commission, et. al.[1] Mr. Eskridge asserts that the United States Parole Commission improperly denied him credit for fifty-seven (57) months of time he served on a separate federal sentence while he was on parole for an earlier conviction.

On October 1, 2013, the Magistrate Judge issued an *Order* (Document 6) requiring the Respondent to show cause as to why the relief sought should not be granted. After receiving extensions, the Respondent filed its response on December 6, 2013, recounting Mr. Eskridge's history and asserting that the Parole Commission properly denied him credit for time spent serving another sentence. On December 20, 2013, the Magistrate Judge issued an *Order* (Document 17), granting the Petitioner's request for appointed counsel to assist him in preparing a reply brief. After receiving extensions, Mr. Eskridge, with the assistance of counsel, filed a brief arguing that time spent within the control of the federal Bureau of Prisons must be credited against his original sentence. The Petitioner timely objected to the Magistrate Judge's PF&R finding that he is not entitled to relief.

As recounted in more detail in the PF&R, Mr. Eskridge was sentenced to twenty-two (22) years, five (5) months, and twenty-one (21) days in prison on January 25, 1967. He has been

---

1 Mr. Fulwood has since retired, and J. Patricia Wilson Smoot was named Acting Chairman of the United States Parole Commission. She is therefore substituted as the Respondent in this case.

released on parole several times, and had his parole revoked several times. In September 1990, he was paroled with five thousand nine hundred fifty-eight (5958) days remaining on his sentence. On February 19, 1993, he was arrested on a parole violation warrant. Following a guilty plea, he was sentenced to fifty-seven (57) months of imprisonment for bank fraud on March 7, 1994, to run consecutive with any previous federal or state sentence. In the spring of 1994, the Parole Commission revoked Mr. Eskridge's parole on the original 1967 conviction. It then re-paroled him less than two weeks later, to allow him to serve time on parole for his 1967 sentence while serving his new sentence.

Mr. Eskridge was released in June 1998 after completing his fifty-seven month sentence. He remained on parole for the 1967 offense, while also serving a term of supervised release for the 1993 offense. Another warrant for parole violations was issued in 2001 when Mr. Eskridge failed to report to his parole officer and was charged with new state crimes in Virginia. The Virginia state court sentenced him to five (5) years imprisonment, half of which was suspended. The Parole Commission executed the 2001 warrant after Mr. Eskridge's release from the custody of the State of Virginia in 2003, and subsequently revoked his parole. It ordered that none of the time Mr. Eskridge spent on parole be credited toward his original sentence.

Mr. Eskridge was ordered to serve twenty-six (26) months of imprisonment, and was then paroled on January 27, 2004, with five thousand three hundred seventy-six (5,376) days remaining on his 1967 sentence. His parole was *again* revoked in May 2011, based on new convictions. The Parole Commission "ordered that any time spent on parole would be forfeited and that [Mr.] Eskridge must continue his sentence until expiration." (PF&R at 4.) The Parole Commission declined to revise its decision after Mr. Eskridge appealed. Mr. Eskridge then filed this action.

**STANDARD OF REVIEW**

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction.[2] *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

**DISCUSSION**

The Magistrate Judge found that the Petitioner's attempt to draw a distinction between "custodial parole" and "community parole" was unsupported by the statute, the accompanying regulations, and case law. She succinctly summed up the issue presented, stating that Mr. Eskridge "violated parole by committing a new state crime punishable by imprisonment, and the [Parole Commission] revoked his parole and denied him credit for all of the time spent on parole, including the time that he spent in federal prison on the separate consecutive federal sentence." (PF&R at 15.) Following careful analysis of the case law, the statute, and relevant regulations, the Magistrate Judge explained that, because Mr. Eskridge was not serving federal prison time *for*

---

[2] Although the Magistrate Judge appointed counsel to assist the Petitioner in filing a reply to the Respondent's response to his petition, the Petitioner's initial filing was submitted *pro-se*, as were his objections to the PF&R.

4

*his original sentence* during the fifty-seven month sentence on the subsequent conviction, his original sentence is not reduced by that time.

The Petitioner objected, arguing that it violates Constitutional separation of powers for the Parole Commission, and executive agency, to "extend a sentence imposed by the District Court." (Obj. at 1.) In addition, he argues that "[d]ouble jeopardy comes in to play where the Parole Commission has unilaterally imposed additional punishment for the same offense by extending Petitioner's sentence for 57 additional months." (*Id.* at 1–2.) He contends that the Parole Commission changed its procedures to eliminate credit for custodial parole in order to continue its own existence after the abolition of parole in the federal system. (*Id.* at 2.)

The Court finds that the Petitioner's objections must be overruled. As detailed by the Magistrate Judge, the Parole Commission did not "extend" Mr. Eskridge's sentence by denying him credit for a federal sentence imposed for a subsequent conviction. People who commit multiple crimes may receive multiple terms of imprisonment. Following several new convictions while on parole, the Parole Commission determined, in accordance with its statutory authority, that Mr. Eskridge must serve the entire sentence imposed by the District Court in 1967. For the same reasons, there is no issue with respect to double jeopardy. Finally, Mr. Eskridge's supposition as to the Parole Commission's underlying reasons for choosing not to offer credit for time spent in custody on other sentences does not alter the legal validity of its decisions.

## CONCLUSION

WHEREFORE, following thorough review and careful consideration, the Court **ORDERS** that the Magistrate Judge's *Proposed Findings and Recommendations* (Document 30) be **ADOPTED** and that the *Petitioner's Objections to Magistrate's Finding* (document 31) be

5

**OVERRULED.** The Court **ORDERS** that the *Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241* (Document 2) be **DENIED,** that the Respondent's *Response* (Document 13) requesting dismissal be **GRANTED**, and that this matter be **DISMISSED with prejudice** and stricken from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Cheryl A. Eifert, to counsel of record, and to any unrepresented party.

ENTER: November 3, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA